UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20297-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

ROBERT SHAW,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference the Court has received the defendant Shaw's Motion to Suppress Statements and Physical Evidence (DE 17) and the government's response in opposition. A hearing was held on June 12, 2007, and the defendant appeared with his attorney of record, Helaine Batoff, Esquire, an Assistant Federal Public Defender..

## FACTUAL BACKGROUND

On December 26, 2006 the defendant was driving a vehicle with two passengers. He was pulled over by William Arrowsmith, a police officer with the Metro-Dade Police Department. Officer Arrowsmith had observed the defendant's vehicle driving at an excessive speed for the area and he was paced[1] at 57 miles per hour in a 35 miles per hour. Officer Arrrowsmith activated his blue and red lights on the police vehicle, had his headlights on, and turned on his siren. The stop took place in a business area that was illuminated.

---

[1] Pace is to determine the speed of a vehicle by law enforcement driving its car at the same speed as that driven by the suspect vehicle.

Officer Arrowsmith approached the defendant's car and held a flashlight on it. He testified that as he approached the rear door of the defendant's vehicle he looked in the window and observed the driver's right hand holding a gun which the defendant was attempting to place on the floor behind the front passenger seat. Arrowsmith then tapped on the window and it was at this point that the defendant attempted to place the gun in a CD notebook on the rear floor. Arrowsmith drew his weapon and then ordered all of the occupants of the car to keep their hands in sight. Shaw continued to lower his right hand in the area of the location of the gun. Officer Arrowsmith then requested back up law enforcement and upon their arrival he ordered all of the occupants out of the car. The defendant Shaw was the driver of the car. A records check was run on the defendant and revealed that he was a convicted felon. He was then placed under arrest by Officer Arrowsmith, who then handcuffed him.

Officer Arrowsmith then entered the defendant's vehicle and recovered the gun inside of the car. The hammer on the gun was pulled back, putting the gun in a firing mode. Arrowsmith asked the defendant if the gun was his. In response, the defendant Shaw made a statement to the effect that he couldn't go to jail and would cooperate with law enforcement. He also said that the gun was not his. A passenger in the rear of the vehicle allegedly stated that the gun was his. A further search of the car was conducted by Officer Guttierez and ski masks were found. The un and ski masks were seized as evidence in this cause. Sergeant Jorge Rodriguez of the robbery unit of Metro-Dade was contacted, since the ski masks possibly implicated robbery offenses. It is undisputed that Sergeant Rodriguez gave the defendant his *Miranda* rights and the defense is not challenging any statements made by the defendant to Sergeant Rodriguez. The defendant waived all of his rights under *Miranda*. Sergeant Rodriguez was of the opinion that the defendant was not under the

influence of any substance, fully understood his *Miranda* rights, and freely and voluntarily waived them. The defendant's waiver of his *Miranda* rights, the Court finds, was not obtained through coercion or intimidation and was the product of his free and deliberate choice. He clearly indicated that he understood his rights and voluntarily and freely waived them. *Moran v. Burbine,* 475 U.S. 412 (1986); *United States v. Barbour*, 70 F.3d 580 (11th Cir. 1995).

The defendant told Sergeant Rodriguez, after receiving his rights, that the gun belonged to Townsend, an occupant of the vehicle. He never stated that he was unaware of the presence of the gun in the car. He also stated that Plasencia, an occupant of the car, told him that Townsend, the other occupant, knew the location of a "drug hole," an area in which drugs were being dealt. They had intentions of committing a robbery at the "drug hole."

The defendant also gave statements to Detective Gallagher and to Detective Louis. The government stated on the record that it would not use such statements in the trial of this cause.

Townsend denied ownership of the gun and also denied knowing the defendant Shaw. He stated that he only knew Plasencia, the other occupant of the car.

The state presented the testimony of Officer Arrowsmith and Sergeant Rodriguez. Both of said witnesses were highly credible. The rule of sequestration was invoked. Each of the witnesses' testimony was consistent with the other and was not damaged on cross-examination. The defense presented no testimony.

## DISCUSSION

The defendant claims *inter alia* that his arrest was illegal and the seizures made subsequent to the stop of the vehicle must be suppressed. In effect, the defense is claiming that the defendant was stopped and arrested without probable cause.

The undisputed testimony reveals clearly that the defendant was stopped for speeding, a violation of Florida Statute §316.1935.  Here, the police had probable cause to stop the defendant's vehicle because of the violation of the state statute.  The officer's motive in making such traffic stop does not invalidate the stop based on such probable cause.  *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999).  Further, in view of the lawful stop, the officer "has the duty to investigate suspicious circumstances that then [come] to his attention."  *United States v. Harris*, 928 F.2d 1113, 1117 (11th Cir. 1991).

Officer Arrowsmith acted appropriately in ordering the occupants out of the car in order to insure the protection of law officers on the scene.  *Pennsylvania v. Mimms*, 434 U.S. 106, 110-11, 98 S.Ct. 330, 333 (1977).  He had a reasonable suspicion, based upon the events concerning the gun and Shaw's nexus to it, to detain the defendant.  *United States v. Williams*, 876 F.2d 1521, 1523 (11th Cir. 1989).  Further, during the traffic detention in this cause for speeding, it was appropriate for the officer to attempt to ascertain the defendant Shaw's criminal history.  *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999).

Regardless of the subsequent entry into the vehicle is called a "search" or "inventory," it is clear to the Court that such search was incidental to a lawful arrest of the defendant.  *See*, *Colorado v. Bertine*, 479 U.S, 367 (1987).  *Bertine* held *inter alia* that where a lawful arrest has taken place, the Fourth Amendment rights of the defendant are not violated where a warrantless inventory search takes place.  Here, it appears to the Court that a warrantless search incidental to a lawful arrest took place resulting in the finding of two ski masks.

Defendant's argument that his post-arrest statements must be suppressed as "fruits of the poisonous tree"[2] is unavailing since the Court finds, based upon the testimony and the totality of circumstances, that the defendant's arrest was lawful and based upon probable cause found by Officer Arrowsmith.

The defendant has offered no testimony or evidence that would rebut the issues of voluntariness and the informed and knowing waiver of his rights. Indeed, the Court finds the evidence compelling that such waiver of rights was freely and knowingly given by the defendant. Accordingly, the Court finds that the government has met its burden by proving that the defendant waived his rights "voluntarily, knowingly, and intelligently." *United States v. Glover*, 431 F.3d 744 (11th Cir. 2005).

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, consideration of the submissions of the parties, testimony presented at the hearing, and argument of counsel, the undersigned respectfully

RECOMMENDS that the defendant Shaw's Motion to Suppress Statements and Physical Evidence be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

---

[2]*Wong Sun v. United States*, 371 U.S. 471 (1963).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 14th day of June, 2007.

/s/ Barry L. Garber
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Moore
Counsel of record