UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20297-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

ROBERT SHAW,

    Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE was before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference the Court held a hearing on the defendant's Motion to Suppress Statements and Physical Evidence (DE 17) and subsequently entered a Report and Recommendation recommending denial of said Motion.

The Court has now received the defendant's Motion for Clarification of Report and Recommendation (DE 23), filed on June 18, 2007.

## FACTUAL BACKGROUND

The Court adopts the factual background set forth in the Report and Recommendation entered by the undersigned recommending a denial of the defendant's Motion to Suppress, etc.

The defendant correctly asserts that the Court did not specifically address the defendant's assertion that post-arrest statements made by him to Officer Arrowsmith should be suppressed as having been made while the defendant was in custody, thus requiring the giving of *Miranda* rights by Officer Arrowsmith to the defendant. The Court shall now address such specific issue.

## **DISCUSSION**

The evidence presented at the suppression hearing revealed that after observing the defendant in possession of a gun inside of the vehicle, Officer Arrowsmith then ordered the defendant to exit the car after back-up support arrived. Upon exiting the car the defendant was handcuffed and placed under arrest. Arrowsmith had determined that the defendant was a convicted felon. He was not given *Miranda* rights by law enforcement at this time. At this point Officer Arrowsmith asked the defendant whether the gun was his, which the defendant initially denied. He did, however, make statements to the effect that "Damn, I can't go to jail" and said that he would cooperate with police regarding other offenses.

The defendant relies upon the ruling of the United States Supreme Court in *Rhode Island v. Innis*, 446 U.S. 291 (1980). A divided Supreme Court reversed a ruling of the Supreme Court of Rhode Island, which had held that statements made by the defendant, who had been *Mirandized*, should be suppressed since they were obtained as a result of conversations between arresting officers in the defendant's presence, appealing to the defendant's conscience. The defendant in *Innis* had been arrested on charges of robbery, kidnaping, and murder involving the use of a shotgun. At the time of his arrest Innis was not in possession of the shotgun. During the transporting of the defendant to the police station several officers made remarks to the effect that "I frequent this area while on patrol and [that because a school for handicapped children is located nearby] there's a lot of handicapped children running around in this area, and God forbid one of them might find a weapon with shells and they might hurt themselves."[1] Thereafter the defendant stated that he would show them where the shotgun was located.

---

[1] *Innis*, at page 1686.

The majority in *Innis* held that "we conclude that the respondent was not 'interrogated' within the meaning of *Miranda*." The Court reasoned that the conversation between the officers was "nothing more than a dialogue between the two officers to which no response from the respondent was invited."

In the cause *sub judice* the defendant, subsequent to his being placed in custody and prior to receiving his *Miranda* rights, was asked a direct question by Officer Arrowsmith as to whether the recovered gun was his. It cannot be controverted that such question constituted an interrogation of the defendant pre-*Miranda*. Although the defendant, at that time, did not admit ownership of the gun, his statements that "I can't go to jail" and his willingness to cooperate with police are certainly statements against his self interest and were triggered by Officer Arrowsmith's question about the gun.

As contrasted with the facts of *Innis*, in which the defendant received *Miranda,* requested the presence of an attorney and was not asked a direct question, Shaw did not receive his *Miranda* rights and was asked a direct question by law enforcement. It is under such factual setting that *Miranda* was intended to apply.

## **CONCLUSION AND RECOMMENDATION**

For reasons set forth above and based upon the Court's review of the record, the undersigned respectfully

RECOMMENDS that the defendant Shaw's Motion to Suppress Statements be partially GRANTED only to the extent that the statement made by the defendant, in response to Officer Arrowsmith's question as to whether he owned the gun, be suppressed and deemed inadmissible at the trial of this cause.

The parties may argue any objections to this Supplemental Report and Recommendation prior to the commencement of the trial scheduled to commence on June 25th, 2007. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 19th day of June, 2007.

                                          BARRY L. GARBER
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Moore
Counsel of record